IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**CHRISTOPHER RUSH,**

      **Plaintiff,**

v.                                                 Case No. 2:18-cv-00364

**BRAD DOUGLAS and
ALLISON BRYANT,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendant Brad Douglas's Motion to Dismiss (ECF No. 13).

## RELEVANT PROCEDURAL HISTORY

The plaintiff filed his initial Complaint in this matter on February 28, 2018 concerning certain conditions of confinement while he was a federal pre-trial detainee at the South Central Regional Jail ("SCRJ"). The initial Complaint named Brad Douglas, who was then the Administrator of the SCRJ, and Allison Bryant, a correctional officer at the SCRJ, as the only defendants.

In particular, the plaintiff complained that, on October 17, 2017, he was sexually harassed by defendant Bryant, and that Bryant then falsely accused him of paying her $20 for cigarettes, after she thought he had reported her conduct to another officer.

According to the Complaint, the plaintiff was subsequently written up and found guilty of a disciplinary infraction by Cpl. Roop and Deputy Kinder, who are not presently named as defendants in this matter, and was sentenced to serve 15 days in punitive segregation. The plaintiff alleges that he was actually held in segregation for 19 days, during which he allegedly suffered "stroke-like symptoms" and other health issues, but could not get assistance because his intercom box was not working.

The plaintiff further claims that Bryant was overseeing his segregation unit and refused to let him shower. Finally, the Complaint alleges that, on October 17, 2017, the plaintiff was also subjected to an assault by another inmate in the visitation area of the jail, while correctional officers stood around and did nothing to prevent the assault. However, the initial Complaint failed to identify any of the jail staff, other than Douglas and Bryant, that he seeks to hold liable for such conduct. The plaintiff generally claims that the jail staff were willfully negligent and deliberately indifferent to his medical situation and personal safety.

Following service of process, Brad Douglas filed a Motion to Dismiss (ECF No. 13) and a Memorandum of Law in support thereof (ECF No. 14).[1] Douglas asserts that he is only being sued in his official capacity and, as such, he is immune from suit in federal court under the Eleventh Amendment and, further, is not a person who can be sued under 42 U.S.C. § 1983. The motion further asserts that the Complaint contains no specific allegations against Douglas, such that he could be held liable in his individual or personal capacity.

In response to Douglas's Motion to Dismiss, the plaintiff filed a "Memorandum in support of Motion for Amendment to Suit" (ECF No. 17). The Memorandum did not

---

[1] Defendant Bryant has not been successfully served with process and has not appeared herein.

accompany an actual motion, but the undersigned has treated that document as a Motion for Leave to Amend the plaintiff's Complaint and, by separate Order, has granted the motion and given the plaintiff a deadline of June 14, 2019, to file an Amended Complaint.

### **RECOMMENDATION**

In light of leave being granted to the plaintiff to amend his Complaint, and new responses to the Amended Complaint being required of all of the defendants named therein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Brad Douglas's pending Motion to Dismiss (ECF No. 13), thus enabling him to file a new motion or other responsive pleading if he is named in the Amended Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

May 15, 2019

Dwane L. Tinsley
United States Magistrate Judge