# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CHRISTOPHER RUSH,

                Plaintiff,

v.                               CIVIL ACTION NO. 2:18-cv-00364

BRAD DOUGLAS, et al.,

                Defendants.

## ORDER

Pending before the Court is Defendants South Central Regional Jail ("SCRJ") and Brad Douglas' ("Douglas") Motion to Dismiss. (ECF No. 36.) By standing order entered on January 4, 2016, and filed in this case on February 28, 2018, (ECF No. 4), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley entered his PF&R on February 18, 2020, recommending this Court find Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because SCRJ and Douglas, in his official capacity, are not persons who may be sued under 42 U.S.C. § 1983 and are immune from liability under the Eleventh Amendment. (ECF No. 46 at 9.) Magistrate Judge Tinsley further recommends this Court dismiss Plaintiff's claims against Douglas in his individual capacity as the Amended Complaint "fails to state enough facts to demonstrate Douglas's individual involvement or his subjective

1

awareness of an excessive risk of harm to Douglas in order to hold him individually liable under the Eighth Amendment." (*Id.* at 11.)

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, the Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on March 6, 2020. (ECF No. 46.) To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, this Court **ADOPTS** the PF&R, (ECF No. 46), and **GRANTS** Defendants' Motion to Dismiss, (ECF No. 36). Plaintiff's claims against Defendants South Central Regional Jail and Brad Douglas, in both his individual and official capacity, are **DISMISSED**. The Court **DIRECTS** the Clerk to **REMOVE** Defendants South Central Regional Jail and Brad Douglas as parties to this action. This matter remains referred to Magistrate Judge Tinsley for additional proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 9, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE