IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER RUSH,

           Plaintiff,

v.                                                CIVIL ACTION NO. 2:18-cv-00364

BRAD DOUGLAS, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Allison Bryant's ("Defendant") Motion to Dismiss.[1] (ECF No. 53.) By Standing Order entered in this case on February 28, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 4.) Magistrate Judge Tinsley entered his PF&R on February 22, 2021, recommending this Court grant Defendant's Motion to Dismiss and then construe Plaintiff Christopher Rush's ("Plaintiff") Amended Complaint to state a plausible First Amendment claim against Defendant. (ECF No. 63.) On March 5, 2021, Defendant filed a timely objection to the PF&R. (ECF No. 64.)

For the reasons discussed more fully herein, the Court **OVERRULES** Defendant's objection, (ECF No. 64), and **ADOPTS** the PF&R and **GRANTS** Defendant's Motion to Dismiss, (ECF No. 53).

---

[1] Also pending is Plaintiff Christopher Rush's Motion to Amend. (ECF No. 65.) In light of the PF&R's recommendation to construe the Amended Complaint as stating a First Amendment claim, Plaintiff moves to include additional defendants in this action. He also moves the Court to appoint him counsel. However, Plaintiff offers no basis to support the addition of these additional defendants. In addition, Plaintiff has not provided evidence of any exceptional circumstances that would warrant the Court to appoint him counsel. *See Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's motion, (ECF No. 65), is **DENIED**.

## I. BACKGROUND

Plaintiff brings this action against Bryant for certain actions and conditions that occurred while Plaintiff was a pretrial detainee at South Central Regional Jail ("SCRJ"). (ECF No. 35–1.) On October 17, 2017, Plaintiff was working to clean the walls of the female section of the jail. (*Id.* at 2, ¶ 1.) Plaintiff alleges Bryant, then a correctional officer at SCRJ, approached Plaintiff and asked him to follow her into a room where she then told him to "show me what you are working with." (*Id.* at 2, ¶¶ 2–3.) Plaintiff took this statement to mean that Bryant was requesting him to expose his genitals. (*Id.* ¶ 3.) Plaintiff left the room without incident but was then stopped by another staff member who instructed Plaintiff to get his lunch. (*Id.* ¶¶ 4–5.) Plaintiff alleges Bryant saw him speaking with the other staff member and then walked away. (*Id.* ¶ 6.) Sometime later, after Plaintiff had finished his lunch and returned to work, he was told by another staff member that he needed to stop working and return to his housing unit because he had been accused of offering Bryant twenty dollars in order to purchase a pack of cigarettes. (*Id.* ¶¶ 7–9.) Later that night, Plaintiff filed a grievance over Bryant's behavior. (*Id.* at 3, ¶ 13.) Plaintiff alleges that he received a response stating that the jail would look into the incident but, ultimately, no action was taken. (*Id.* ¶ 14.)

The next day, Plaintiff had gathered his belongings, walked to the front of the jail, and requested to move housing units after he was punched by another inmate who was housed near Plaintiff. (*Id.* at 4, ¶¶ 20–21.) Staff members told Plaintiff to return to his housing unit, but he did not comply. (*Id.* at 4–5, ¶¶ 23–28.) Plaintiff then told the staff members about the incident that had occurred with Bryant, and then alleges he was placed in segregation based on Bryant's allegation that Plaintiff had offered her money to purchase cigarettes. (*Id.* at 5, ¶¶ 29–31.)

Further, on October 19, 2017, Plaintiff was found guilty of giving Bryant money for cigarettes. (*Id.* at 6, ¶ 37.) Plaintiff alleges Bryant made false statements at this hearing. (*Id.* ¶ 38.) In addition, on one occasion, Plaintiff alleges Bryant was overseeing his unit and refused to allow him out for a shower because she claims he had tried to make up lies about her actions. (*Id.* at 7, ¶ 45.)

On May 15, 2020, Defendant filed her Motion to Dismiss. (ECF No. 53.) On February 22, 2021, Magistrate Judge Tinsley entered his PF&R recommending that this Court grant Defendant's Motion to Dismiss and construe Plaintiff's Amended Complaint as stating a plausible First Amendment retaliation claim. (ECF No. 63.) As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's Findings and Recommendation

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

### A. Defendant's Motion to Dismiss

Neither Plaintiff nor Defendant objected to the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss. In fact, Defendant's response makes clear that she does

not object to this recommendation. (ECF No. 64 at 2.) Specifically, the PF&R recommends this Court find that Defendant is entitled to qualified immunity on Plaintiff's Fourteenth Amendment claim arising from the alleged verbal sexual assualt and find that the Amended Complaint fails to state a plausible Fourteenth Amendment claim against Defendant. (ECF No. 63 at 9.) No party submitted an objection to this finding which constitutes a waiver of both *de novo* review and the parties' right to appeal this specific ruling. Accordingly, Defendant's Motion to Dismiss, (ECF No. 53), is **GRANTED**.

### B. First Amendment Claim

Second, the PF&R recommends this Court liberally construe the Amended Complaint to allege a First Amendment retaliation claim against Defendant. (ECF No. 63 at 10–11.) Specifically, the PF&R recommends the Court construe a potential First Amendment retaliation claim from Plaintiff's allegation that Defendant filed a false disciplinary report against him which then played a role in Plaintiff being placed in segregation after a grievance had been filed. (*Id.*) Defendant objects to this recommendation and argues Plaintiff failed to plead sufficient factual allegations to allege a claim. (ECF No. 64 at 4.)

Upon *de novo* review, the Court overrules Defendant's objection. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1995)); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Further, the Fourth Circuit has held that "its district courts must be especially solicitous of civil rights plaintiffs," and, when the civil rights plaintiff appears *pro se*, the court must act with

heightened solicitude. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017). "There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Gordon*, 574 F.2d at 1151.

Further, in order to state a First Amendment retaliation claim under Section 1983, a plaintiff "must allege that (1) [ ]he engaged in protected First Amendment activity, (2) the defendant[ ] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)).

While it is true that Defendant filed her alleged false disciplinary report before Plaintiff filed his grievance, Plaintiff does allege that the allegations in that disciplinary report were the reason he was placed in segregation. (ECF No. 35–1 at 5, ¶¶ 31–32.) At this stage, these allegations are sufficient to state a plausible claim for First Amendment retaliation. Specifically, Plaintiff alleges he filed a grievance against Defendant for her actions, which is a protected First Amendment activity. *See Martin*, 858 F.3d at 249. Next, "for purposes of a First Amendment retaliation claim under [Section] 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Id.* at 249. Here, Plaintiff has adequately plead that Defendant filed a false disciplinary report against him and that the allegations in that report lead to his conviction for that false conduct and to him being placed in segregation. As stated in *Martin*, "placing an inmate in

6

administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* at 250 (quotations and citations omitted).

Plaintiff alleges Defendant saw him speaking with another staff member immediately after the alleged sexual harassment occurred and thought Plaintiff was reporting her for her actions. Next, Plaintiff alleges Defendant filed a disciplinary report against him, made false statements at a hearing on these allegations that led to Plaintiff's conviction, and that he was placed in segregation based on the allegations contained in Defendant's false report. While the facts state that the disciplinary report was filed before the grievance, the last two events occurred after Plaintiff engaged in his protected activity. Plaintiff has also alleged sufficient to support the conclusion that Defendant took these actions in retaliation for Plaintiff reporting her sexual comments. Further, pleadings standards favor the *pro se* Plaintiff, and this Court has a "greater responsibility" to ensure that "constitutional deprivations are redressed and that justice is done." *Gordon*, 574 F.2d at 1151. Considering these favorable standards and the facts alleged, Plaintiff has successfully "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Thus, under the principles of liberal construction and the heightened solicitude given to *pro se* civil rights Plaintiffs, the Court finds that the interests of justice require Plaintiff be given the opportunity to pursue his potential First Amendment retaliation claim. Accordingly, the Court overrules Defendant's objection and adopts the PF&R in its entirety.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objection, (ECF No. 64), **ADOPTS** the PF&R and **GRANTS** Defendant's Motion to Dismiss, (ECF No. 53), and construes Plaintiff's Amended Complaint as stating a plausible First Amendment claim. Accordingly, this

matter remains referred to Magistrate Judge Tinsley for additional proceedings related to Plaintiff's First Amendment retaliation claim.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 19, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE